# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENDA FITZWATER,**

   **Plaintiff,**

**v.**                **CIVIL ACTION NO. 2:07CV46**

**MICHAEL A. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION FOR A COMPLETE TRANSCRIPT

On October 9, 2007, Plaintiff filed a Motion for a Complete Transcript [Docket Entry 9].

Plaintiff's prior claim became final on June 26, 2003, when the hearing decision was not appealed.

Plaintiff filed the claim on which the instant appeal is based on February 1, 2005 claiming disability and disability insurance benefits from December 1, 2000.[1]

Plaintiff now contends it is necessary to have a complete transcript of the December 1, 2000 claim proceedings because the ALJ in the 2006 unfavorable decision "made note of a previous claim and made findings that required his analysis of the prior decision and evidence." [DE 9]. Plaintiff contends that it is "necessary to read the evidentiary file as well as the transcript of the earlier hearing" "[i]n order to understand and evaluate the ALJ's decision in the present case." [DE9].

While, <u>Albright v. Commissioner of Social Security</u>, 174 F.3d 473 (4th Cir. 1999), generally requires the ALJ, in a subsequent application, to consider the findings of an administrative law judge's prior final decision as evidence and give it appropriate weight in light of all relevant facts and circumstances to the pending decision, it does not require this Court to review the prior file in an appeal of an adverse decision or the later application. The record in the within appeal contains the written unfavorable decision of the ALJ in the March 28, 2002 claim. Upon review of the unfavorable decisions

---

[1] December 1, 2000 is the same disability onset date claimed in the March 28, 2002 claim filed and finally decided on June 26, 2003.

rendered on the March 28, 2002 claim and the February 1, 2005 claim, the Court notes that the ALJ discussed the evidence relating to the impact of Plaintiff's neck and back impairments, fibromyalgia and claimed depression during the unadjudicated period and any impact the neck and back impairments and fibromyalgia had on Plaintiff's residual functional capacity during the same period. Since the ALJ does not conclude in the later claim that the severe impairments in the earlier claim no longer exist, there is no need for a review of the bases for the earlier findings of severe impairments. The instant claim is unlike the situation that confronted the Fourth Circuit in Albright v. Commissioner of Social Security, *Id.*

Accordingly, Plaintiff's Motion for a Complete Transcript is **DENIED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this Order to counsel of record herein.

DATED: October 16, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE